IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. W-17-CR-00282 ADA |
| MICHAEL DUSHONN BANKS | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by a Convicted Felon in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the Defendant to 46 months imprisonment, a three-year term of supervised release, and a $100 special assessment. The Defendant was released to supervision on April 8, 2021. On May 4, 2022, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as

to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated standard condition number 5, in that as of January 2022, the defendant failed to notify the probation officer of an address change.
>
> **Violation Number 2:** The defendant violated standard condition number 9, in that on April 27, 2022, the defendant was questioned by a law enforcement officer and did not report the interaction to his probation officer within 72 hours as required.

At the hearing, Defendant pleaded no contest to violations 1 and 2. The Government then presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had a right to a hearing at which the government would have to prove the charges against him by a preponderance of the evidence.

11. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

12. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

13. The Defendant understood his statutory and constitutional rights and desired to waive them.

## III.  RECOMMENDATION

The government and the Defendant argued for a recommendation that Defendant's supervision be revoked and that he be given a sentence equal to his time in custody with no supervised release to follow.

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and that he be given a sentence of time-served, with no supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of August, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE